# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 15, 2026

#015516
Mr. Cedrick Barber
Madison County Detention Center
2935 Highway 51
Canton, MS 39046-0000

    No. 25-60690   USA v. Barber
                        USDC No. 3:24-CR-53-7

Dear Mr. Barber,

We have docketed your appeal. You should use the number listed above on all future correspondence.

**You should carefully read the following sections**

Filings in this court are governed strictly by the Federal Rules of Appellate Procedure, **NOT** the Federal Rules of Civil Procedure. We cannot accept motions submitted under the Federal Rules of Civil Procedure. We can address only those documents the court directs you to file, or motions filed under the Fed. R. App. P. in support of the appeal. See Fed. R. App. P. and 5th Cir. R. 27 for guidance. Documents not authorized by these rules will not be acknowledged or acted upon.

<u>Court Fees</u>

You must pay a filing fee for your notice of appeal unless the district court has entered an order exempting you from paying the fee under Fed. R. App. P. 24. The $605.00 Court of Appeals docketing fee is due within 15 days from this date, and you must notify this office once this is done. If you do not pay the filing fee, or file a motion with the district court clerk for leave to proceed in forma pauperis on appeal with a certificate of inmate trust account, we will dismiss your appeal without further notice, see 5th Cir. R. 42.3.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, <u>www.ca5.uscourts.gov</u>. Information on Electronic Case Filing is available at <u>www.ca5.uscourts.gov/cmecf/</u>.

**Brief Template:** The clerk's office provides brief templates and a tool to check briefs for potential deficiencies before docketing. To access these resources, log in to CM/ECF and select 'Brief Template' (Counsel Only) or 'PDF Check Document' from the Utilities menu or the "Attorney Toolbox".

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

**Signing Pleadings.** While our rules do not directly regulate the process by which a party or an attorney produces the filing—such as writing it personally with no assistance, delegating part of its preparation to another, or using generative artificial intelligence, the signature is an attestation that the signer has reviewed the filing and is responsible for the accuracy of its contents.

Sincerely,

LYLE W. CAYCE, Clerk

By: *Shea E. Pertuit*
Shea E. Pertuit, Deputy Clerk
504-310-7666

cc:
    Mr. Arthur S. Johnston III
    Mr. Adam T. Stuart

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

_____

Case No. 25-60690

_____

United States of America,

        Plaintiff - Appellee

v.

Cedrick Barber,

        Defendant - Appellant