**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES,**

*Plaintiff,*

*v.*

**CEDRIC BARBER,**

*Defendant.*

CAUSE NO. 3:24-CR-53-CWR-LGI-7

# ORDER

Before the Court is Defendant Cedric Barber's Motion for Production of Transcript related to a pretrial conference that took place on August 21, 2026. Docket No. 307. "An indigent defendant has both a constitutional and a statutory right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding." *U.S. v. Pulido*, 879 F.2d 1255, 1256 (5th Cir. 1989); *see also* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A) . . . shall be paid by the United States out of moneys appropriated for those purposes."). In determining need, the Supreme Court has specified two relevant factors: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971).

Defendant's Motion fails at the first prong. Though an indigent party seeking transcripts is not required to make "a showing of need tailored to the facts of the particular

case[,]" they need to make *some* showing as to "the value of the transcript. . . in connection with the appeal or trial for which it is sought." *Id.* at 228-29. Defendant has not done that here. Barber only states that "[t]ranscript[s] are required for review, settlement, and closure" of his case. This statement provides the Court with little to no information as to the value of the transcript to the Defendant in connection with his case. And, in fact, the proceedings for which Barber seeks to use these transcripts, leaves the Court with several questions: among them are, for "review" of what?; "settlement" of what?; and "closure" of what?. He has not articulated the value of having a transcript of the pretrial conference hearing for his trial or how that transcript would aid him in presenting an effective defense at his trial. Defendant, therefore, has not made the necessary showing with respect to the first factor.

Having failed to meet the initial prong, the Court does not reach the issue of whether there were "alternative devices" available "that would fulfill the same functions as a transcript." Defendant's Motion for Production of Transcript, Docket No. 307, is denied.

**SO ORDERED**, this the 20th day of November, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE